SEALED
FILED
APR 0 5 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

WILLARD K. TOM
General Counsel

LISA D. ROSENTHAL, Cal. Bar # 179486
SARAH SCHROEDER, Cal. Bar # 221528
KERRY O'BRIEN, Cal. Bar # 149264
AUSTIN A.B. OWNBEY, Cal. Bar # 272197
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA 94103
(415) 848-5100 (voice)
(415) 848-5184 (fax)
lrosenthal@ftc.gov, sschroeder@ftc.gov
kobrien@ftc.gov, aownbey@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 12cv855 JAM |
| Plaintiff, | [Proposed] |
| v. | TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |
| BROADWAY GLOBAL MASTER INC., a corporation, also d/b/a BGM, | |
| IN-ARABIA SOLUTIONS INC., a corporation, and | |
| KIRIT PATEL, individually and as an officer of BROADWAY GLOBAL MASTER INC., and IN-ARABIA SOLUTIONS, INC. | |
| Defendants. | |

Plaintiff Federal Trade Commission has filed its Complaint against Defendants Broadway Global Master Inc., In-Arabia Solutions, Inc., and Kirit Patel ("Defendants"), seeking a permanent injunction and other equitable relief in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57b, and Section 814

**Temporary Restraining Order**          Page 1

of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*. The FTC has also applied *ex parte* for a Temporary Restraining Order with asset freeze and other equitable relief, and for an Order to Show Cause Why a Preliminary Injunction Should Not Issue, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. The Court has considered the pleadings, declarations, exhibits, and memorandum of law filed in support thereof and makes the following findings of fact:

1.  This Court has jurisdiction over the subject matter of this case. There is also good cause to believe that it will have jurisdiction over all parties hereto, and that venue in this district is proper.

2.  There is good cause to believe that Defendants have engaged in, and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692 - 1692p, and that the Plaintiff is likely to prevail on the merits of this action.

3.  There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692 - 1692p, unless Defendants are restrained and enjoined by order of this Court.

4.  There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of assets or records if Defendants are provided with advance notice of this Order, and that in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants. There is thus good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of the Plaintiff's motion and for the entry of the ancillary relief contained in this Order, including freezing Defendants' assets, granting Plaintiff expedited discovery, and prohibiting Defendants from destroying records.

5.  Weighing the equities and considering the Commission's likelihood of ultimate success, a temporary restraining order with asset freeze and other equitable relief is in the public

Temporary Restraining Order                                                                 Page 2

interest; and

6. No security is required of any agency of the United States for the issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. **"Assisting others"** includes, but is not limited to: (1) providing administrative services, including, but not limited to, filing business registrations with federal, state, or local government entities; (2) acting as an officer, director, or registered agent of a business entity; (3) establishing bank and/or merchant accounts; (4) handling banking transactions; (5) establishing mail accounts and/or mail receiving boxes; (6) forwarding mail received from consumers; (7) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (8) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (9) providing names of, or assisting in the generation of, potential customers; (10) performing or providing marketing or billing services of any kind; or (11) providing telemarketing services.

3. **"Corporate Defendants"** means Broadway Global Master Inc., and In-Arabia, Inc., by whatever other names each may be known, and their successors and assigns, and any subsidiaries, affiliates, and any fictitious business entities or business names created or used by these entities, or any of them.

4. **"Debt"** means any obligation or alleged obligation to pay money, whether or not such obligation has been reduced to judgment.

5. **"Defendants"** means the Individual Defendant and the Corporate Defendants,

Temporary Restraining Order                                                                 Page 3

1  individually, collectively, or in any combination.

2      6.    "**Document**" is equal in scope and synonymous in meaning to the terms
3  "document" and "electronically stored information," as described and used in Federal Rule of
4  Civil Procedure 34(a).

5      7.    "**Financial Institution**" means any bank, savings and loan institution, credit
6  union, or any financial depository of any kind, including, but not limited to, any brokerage house,
7  trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious
8  metal dealer.

9      8.    "**Individual Defendant**" means Kirit Patel.

10      9.    "**Payment Processing**" means directly or indirectly providing any Defendant with
11  the means to access any consumer's financial account through the use of any payment
12  mechanism, including but not limited to remotely created payment orders, remotely created
13  checks, ACH Debits, debit card transactions, credit card transactions, ATM debit card
14  transactions, stored value card transactions, and prepaid card transactions. Whether
15  accomplished through the use of software or otherwise, Payment Processing may include, among
16  other things, the performance of any function of collecting, preparing, formatting, charging, or
17  transmitting consumer bank account or credit card data for use in connection with the debiting,
18  charging, or accessing of a consumer's bank or credit card account; monitoring, tracking, and
19  reconciling payments, returns, and charge-backs; providing pre-authorization, post-authorization,
20  and refund services to merchants; and disbursing funds receipts to merchants.

21      10.    "**Payment Processor**" means any person, corporation, organization or other entity
22  that provides or performs Payment Processing services.

23      11.    "**Person**" means a natural person, an organization or other legal entity, including a
24  corporation, partnership, sole proprietorship, limited liability company, association, cooperative,
25  or any other group or combination acting as an entity.

26      12.    "**Plaintiff**" means the Federal Trade Commission ("Commission" or "FTC").

27      13.    "**Website**" means a set of electronic documents, usually a home page and
28  subordinate pages, readily viewable on a computer by anyone with access to the World Wide

**Temporary Restraining Order**                                                                          Page 4

Web, standard software, and knowledge of the Website's location or address.

14.  **"World Wide Web"** means a system used on the Internet for cross-referencing and retrieving information.

15.  The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

**I.**

**PROHIBITED BUSINESS ACTIVITIES**

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the collection of alleged debts, are hereby temporarily restrained and enjoined from:

A.  Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to, that:

    1.  The consumer is delinquent on a payday loan that Defendants have the authority to collect;

    2.  Defendants are a law enforcement agency or that they are otherwise affiliated with a government agency;

    3.  The consumer has a legal obligation to pay the Defendants;

    4.  The consumer will be arrested or imprisoned for failing to pay the Defendants; or

    5.  Defendants can or will take formal legal action against a consumer who fails to pay, such as filing suit;

B.  Violating, or assisting others in violating, any provision of the FDCPA, 15 U.S.C. §§ 1692 - 1692p, including, but not limited to Sections 806 and 807 of the FDCPA, 15 U.S.C. § 1692d-e, by:

1. Using any false, deceptive, or misleading representation or means in the collection of any debt, including, but not limited to:

   a. Falsely representing the character, amount, or legal status of any debt;

   b. Falsely representing or implying that Defendants are affiliated with the United States or a State;

   c. Falsely representing or implying that nonpayment of a debt will result in the arrest or imprisonment of a person;

   d. Threatening to take action that is not lawful or the Defendants do not intend to take, such as filing a lawsuit; or

   e. Using false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer; or

2. Harassing, oppressing, or abusing any person in connection with the collection of a debt, including, but not limited to:

   a. Using obscene or profane language or language the natural consequence of which is to abuse the hearer; or

   b. Causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number.

## II.

### SUSPENSION OF COLLECTION ON ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment for any debts or alleged debts that Defendants claim are owed.

### III.

### POSTING NOTICE OF LAWSUIT ON WEBSITE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, and any other person or entity served with a copy of this Order, shall immediately take whatever action is necessary to ensure that any Website used by any Defendant for offering or advertising debt collection services including, but not limited to, the Websites located at bgminc.us and ecrdinc.com, shall prominently display the following statement:

> The Federal Trade Commission ("FTC") has filed a lawsuit against Broadway Global Master Inc., In-Arabia Solutions, Inc., and Kirit Patel, also doing business as BGM, operating, in part, from Tracy, California, 95304, alleging that they have engaged in deceptive practices relating to the collection of alleged debts. The United States District Court for the Eastern District of California has issued a temporary restraining order prohibiting the alleged practices. You may obtain additional information directly from the FTC at www.ftc.gov.

Each Website carrying this message shall also provide a hypertext link to the FTC's home page at www.ftc.gov, or another home page designated by counsel for the Commission.

### IV.

### ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from:

  A.   Transferring, liquidating, converting, dissipating, disbursing, assigning, spending, withdrawing, or otherwise disposing of any funds held in the following accounts:

   1.   Bank of America account number ending in -7820 held in the name of Broadway Global Master;

   2.   JPMorgan Chase account number ending in -3512, held in the name of Broadway Global Master Inc.;

   3.   JPMorgan Chase account numbers ending in -1249 and -1346, held in the name of Kirit D. Patel;

   4.   National Bank of California account number ending in -4909, held in the name of Broadway Global Master Inc.;

   5.   Global Payments Inc. account numbers ending in -0300, -1039, and -1752, held in the name of Broadway Global Master;

   6.   First South Bank of Bolivar, Tennessee account numbers ending in -5085 and -8527, held in the name of Kirit Patel;

   7.   Bank One of Arlington, Texas account number ending in -1249, held in the name of Kirit Patel, and

   8.   Any accounts held in the name of Broadway Global Master Inc. or In-Arabia Solutions Inc.

B.   Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C.   Cashing any checks or depositing or processing any payments from consumers relating to Defendants' collection of alleged debts; or

D.   Selling, transferring, or encumbering the real property known as and described as 1570 Eastlake Circle, Tracy, California, 95304.

*Provided*, that the freeze imposed in this Section shall be construed to not apply to assets that the Individual Defendant acquires following service of this Order if the Individual Defendant can prove that such assets are not derived from activity prohibited by this Order.

//

//

## V.

## PRESERVATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that Defendants shall instruct any entity located outside of the territory of the United States that is holding on behalf of any Defendant: (1) any assets that were transferred outside the territory of the United States directly or indirectly by any Corporate Defendant; or (2) any documents that relate to the factual allegations in the Complaint in this matter, to preserve any such assets and documents.

## VI.

## PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall:

    A.    Preserve any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of the Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

    B.    Notify counsel for the Commission prior to creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation. Such notification shall include: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and Website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

//

## VII.

### PROHIBITION ON DISCLOSING CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from:

    A.    Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint; and

    B.    Benefitting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint.

*Provided, however*, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## VIII.

### DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to all individuals and business entities with which it engaged in any business in connection with the allegations set forth in the Complaint in this matter, including, but not limited to, all Payment Processors for any Defendant.

//
//
//

Temporary Restraining Order                Page 10

## IX.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that this Order shall be served:

A.  On Individual Defendant Kirit Patel by personal service;

B.  On Corporate Defendants by personally serving an officer or agent of the company or by leaving a copy of this Order with a person of suitable age at the Defendant's business address; and

C.  On financial institutions or other third parties required to be served pursuant to this Order by facsimile transmission, overnight delivery, first class mail, or electronic mail.

## X.

## NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that to the extent any notice to the FTC is required pursuant to this Order, and is not filed through the ECF system, such notice shall be provided by overnight mail, electronic mail, courier delivery, or facsimile to:

> Lisa D. Rosenthal
> Sarah Schroeder
> Kerry O'Brien
> Austin A.B. Ownbey
> Federal Trade Commission
> 901 Market Street, Ste. 570
> San Francisco, CA  94103
> (415) 848-5100 (voice)
> (415) 848-5184 (fax)
> lrosenthal@ftc.gov

## XI.

## DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on April 18, 2012 at 9:30 a.m., unless within such time, the Order, for good cause shown, is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time. *See* Fed. R. Civ. P. 65(b)(2) (a TRO must expire within 14 days of entry).

1 | Parties may apply to the court for modification or dissolution of the TRO on two (2) days
2 | notice or such shorter notice as the court may allow. See Local Rule 65-231 and FRCP 65(b).

### XII.

### ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that each Defendant shall appear before this Court on April 18, 2012, at 9:30 a.m., at 501 I Street, Sacramento, California, 14th Flour, Courtroom 6, to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692-1692p, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

### XIII.

### SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE

**IT IS FURTHER ORDERED** that:

A. Defendants shall file with the Court and serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than 4:00 p.m. on April 12, 2012; and

B. Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than no later than 4:00 p.m. on April 16, 2012.

### XIV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

//
//
//
//

**Temporary Restraining Order**                                                                 Page 12

**IT SO ORDERED,** this 5th day of April, 2012, at 3:30 p. .m.

JUDGE JOHN A. MENDEZ
United States District Judge