JONATHAN E. NUECHTERLEIN
General Counsel

SARAH SCHROEDER, Cal. Bar # 221528
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA  94103
(415) 848-5100 (voice), (415) 848-5184 (fax)
sschroeder@ftc.gov

Attorney for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Plaintiff,<br><br>     v.<br><br>BROADWAY GLOBAL MASTER INC., a corporation, also d/b/a BGM,<br><br>IN-ARABIA SOLUTIONS INC., a corporation, and<br><br>KIRIT PATEL, individually and as an officer of BROADWAY GLOBAL MASTER INC., and IN-ARABIA SOLUTIONS INC.<br><br>     Defendants. | Case No. 2:12-cv-0855 JAM GGH<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*.  The Commission and Defendants stipulate to the entry of this Stipulated Order for

**Stipulated Order For Permanent Injunction and Monetary Judgment**          Page **1** of **14**

Permanent Injunction and Monetary Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. §§ 45(a), and deceptive and abusive practices in violation of Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, in the collection of phantom debts.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "**Corporate Defendants**" means Broadway Global Master, Inc., d/b/a BGM, and In-Arabia Solutions, Inc., both of which are currently dissolved, and their successor and assigns.

2. "**Debt collection activities**" means any activity the principal purpose of which is to collect or attempt to collect, directly or indirectly, debts owed or asserted to be owed, or due.

3. "**Defendants**" means the Individual Defendant and all of the Corporate Defendants, individually, collectively, or in any combination.

4. "**Individual Defendant**" means Kirit Patel.

# ORDER

## I.

## BAN ON DEBT COLLECTION

IT IS ORDERED that Defendants are permanently restrained and enjoined from participating in debt collection activities, whether directly or through an intermediary.

## II.

## PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

B. the total cost to purchase, receive, or use the good or service;

C. any material restriction, limitation, or condition to purchase, receive, or use the good or service;

D. any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service; and

E. any material aspect of the performance, efficacy, nature, or central characteristics of the good or service.

## III.

## MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Four Million Three Hundred Eighteen Thousand Six Hundred Thirty Seven Dollars ($4,318,637) is entered in favor of the Commission and against the Individual and Corporate Defendants, jointly and severally, as equitable monetary relief.

B. Defendants are ordered to pay to the Commission Thirty Three Thousand Five Hundred Dollars ($33,500), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 14 days of entry of this Order by wire transfer in accordance with directions provided by the Commission. Upon such payment, and the asset transfers in the Section titled Turnover of Assets Held by Third Parties, the remainder of the judgment is suspended, subject to the Subsections below.

C. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively "financial representations") submitted to the Commission, namely:

1. the Financial Statement of Individual Defendant Kirit Patel signed on July 24, 2015, including the attachments;
2. documentation submitted by letter from Defendants' counsel Andrew Steinheimer to Commission counsel Lisa Rosenthal dated May 9, 2012;
3. the Financial Statement of Corporate Defendant Broadway Global Master, Inc., signed by President Kirit Patel on July 24, 2015, including the attachments; and
4. the Financial Statement of Corporate Defendant In Arabia Solutions, Inc., signed by President Kirit Patel on July 24, 2015.

D. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section plus interest computed

**Stipulated Order For Permanent Injunction and Monetary Judgment**     Page **4** of **14**

from the date of entry of this Order.

  F. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

  G. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

  H. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

  I. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

  J. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

### IV.
### TURNOVER OF ASSETS HELD BY THIRD PARTIES

IT IS FURTHER ORDERED that, to partially satisfy the monetary judgment set forth in the Section titled Monetary Judgment and Partial Suspension, any financial institution that holds,

controls, or maintains custody of any account of any Defendant that is frozen pursuant to the Court's April 26, 2012, *Preliminary Injunction With Asset Freeze and Other Equitable Relief* shall turn over all funds in such account to the Commission within ten (10) business days of receiving notice of this Order by any means, including, but not limited to, notice provided by email or facsimile. Accordingly, the following institutions shall transfer funds in the following accounts to the Commission:

| Financial Institution | Account Name | Last 4 Digits of Account Number | Approximate Amount |
|---|---|---|---|
| Global Payments, Inc. | Broadway Global Master | -1039 | $500,781 |
| Global Payments, Inc. | Broadway Global Master | -0300 | $18,532 |
| Group ISO | Broadway Global Master | -6875 | $10,696 |
| Bank of America, NA | Broadway Global Master | -7820 | $6,135 |
| Chase Bank | Broadway Global Master | -3512 | $445 |
| Chase Bank | Kirit Patel | -1249 | $2,535 |
| Chase Bank | Kirit Patel | -1346 | $15,115 |
| First South Bank | Kirit Patel | -8527 | $8,179 |
| First South Bank | Kirit Patel | -5085 | $12,673 |
| | | TOTAL: | $575,091 |

Payments to the Commission shall be made by wire transfer in accordance with directions provided by the Commission.

## V.
## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A.     failing to provide sufficient customer information to enable the Commission to

**Stipulated Order For Permanent Injunction and Monetary Judgment**     Page **6** of **14**

efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VI.

## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, the Individual Defendant for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this

Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.

## **COMPLIANCE REPORTING**

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

    A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

        1.    Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business and the involvement of any other Defendant, including the goods and services offered and the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

        2.    Additionally, the Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

    B.    For 15 years after entry of this Order, each Defendant must submit a compliance

notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1.    Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2.    Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: *FTC v. Broadway Global Master Inc.* (X120020).

# VIII.

## **RECORDKEEPING**

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants and the Individual Defendant for any business that he, individually or collectively with any other defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

# IX.

## **COMPLIANCE MONITORING**

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the Judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in

Rule 26(c).

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning the Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X.

## **DISSOLUTION OF ASSET FREEZE**

IT IS FURTHER ORDERED that the freeze on the assets of Defendants shall remain in effect until Defendants have complied with all requirements set forth in the Section titled Monetary Judgment and Partial Suspension and financial institutions have turned over assets in accordance with the section titled Turnover of Assets Held by Third Parties. Once Defendants have fully complied with the requirements of the Section titled Monetary Judgment and Partial Suspension and financial institutions have complied with the Section titled Turnover of Assets Held by Third Parties, the freeze against the assets of Defendants shall be lifted permanently.

## XI.

## **RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED, this 9th day of September, 2015**

/s/ John A. Mendez
Hon.  John A. Mendez
United States District Court Judge
Eastern District of California

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

\_\_\_\_/s/_____   Date:   9/4/2015
SARAH SCHROEDER, Attorney
Federal Trade Commission
901 Market Street, Suite 570
Phone: (415) 848-5186
Fax: (415) 848-5184
sschroeder@ftc.gov

**COUNSEL FOR DEFENDANTS:**

\_\_\_\_/s/_____   Date:   7/27/2015
ANDREW STEINHEIMER, Esq.
Ellis Law Group, LLC
740 University Avenue, Suite 100
Sacramento, CA 95825
Phone: (916) 283-8820
Fax: (916) 283-8821
ASteinheimer@EllisLawGrp.com

**DEFENDANTS:**

\_\_\_\_/s/_____   Date:   7/24/2015
KIRIT PATEL, individually and as an officer
of BROADWAY GLOBAL MASTER INC.,
and IN-ARABIA SOLUTIONS INC.

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>BROADWAY GLOBAL MASTER INC.,<br>a corporation, also d/b/a BGM,<br><br>IN-ARABIA SOLUTIONS INC., a<br>corporation, and<br><br>KIRIT PATEL, individually and as an officer<br>of BROADWAY GLOBAL MASTER INC.,<br>and IN-ARABIA SOLUTIONS INC.<br><br>    Defendants. | Case No. 2:12-cv-0855 JAM GGH<br><br>**ACKNOWLEDGMENT BY**<br>**AFFIDAVIT OF RECEIPT**<br>**OF ORDER BY DEFENDANT KIRIT**<br>**PATEL** |

   1.   My name is Kirit Patel and I am the agent of service for Broadway Global Masters, Inc. and In Arabia Solutions, Inc. I have personal knowledge of the facts set forth in this Acknowledgment.

   2.   I was a Defendant and Broadway Global Masters, Inc. and In-Arabia Solutions, Inc. were Defendants in *FTC v. Broadway Global Master Inc.*, which is the court case listed near the top of this page.

   3.   On _____, 2015, I received a copy of the Stipulated Order for Permanent Injunction and Monetary Judgement, which was signed by the Honorable John A. Mendez and entered by the Court on _____, 2015. A true and correct copy of the Order that I received is attached to this Acknowledgment.

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on _____ [*date*].


                                    _____
                                    Kirit Patel, individually and as an officer Broadway Global
                                    Master Inc. and In-Arabia Inc.

**ATTACHMENT A**

State of _____, City of _____

    Subscribed and sworn to before me
    this _____ day of _____, 2015.


    _____
    Notary Public
    My Commission Expires: